IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-00879-WDM-CBS

QFA ROYALTIES LLC and QIP HOLDER LLC,

     Plaintiffs,

v.

A & D FOODS, INC., DAVID KABAT, and BARBARA KABAT,

     Defendants.

---

## ORDER ON MOTION TO ENFORCE SETTLEMENT AGREEMENT

Miller, J.

     This case is before me on the Motion to Enforce Settlement Agreement (doc no 28) filed by Defendants. Defendants seek to enforce a purported agreement to settle this matter, as evidenced by an exchange of emails between counsel for the parties. For the reasons set forth below, the motion will be granted.

Background

     Plaintiffs initiated this lawsuit against the Defendants seeking injunctive and monetary relief in connection with the Defendants' alleged unauthorized operation of a Quiznos franchise after the expiration of the franchise agreement. The parties began settlement negotiations in late December 2006. Counsel for Defendants and Plaintiffs exchanged a series of emails containing various settlement proposals; the key issues in dispute were whether Defendants would be required to pay money to Plaintiffs and the form of a release of claims. After several exchanges in which counsel for

Defendants indicated that Defendants would attempt to put together a money payment, counsel for Defendants sent an email to Plaintiffs on February 10, 2007 in which he stated "I believe David Kabat will have the [money] this week. Can you send me a final clean settlement agreement with a mutual release?" Counsel for Plaintiffs sent the agreement along with an email asking, "Please let me know if we have an agreement as soon as possible." In response, counsel for Defendants wrote, "the release is ok except it needs to be mutual like [the agreement in another unrelated case]. . . . The best we can offer is [amount deleted] now with a consent judgment for [amount deleted]. . . . Let me know Monday." Counsel for Plaintiffs wrote back on February 15, 2007, stating, "Quiznos agrees to settle the case by modifying the agreement I sent you with the terms you outlined below. I will have the settlement agreement revised and email it to you." On the same day, counsel for Defendants responded with an email saying, "Ok, thanks . . . Lets get this signed the week of Feb. 26th." The draft settlement agreement was emailed to counsel for Defendants on February 23, 2007, but Defendants did not sign the agreement. Instead, they joined a class action suit against Quiznos filed in Michigan.

## Discussion

A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it. *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004). In this diversity action, I apply the substantive law of the forum state governing contract formation. *New York Life Ins. Co. v. K N Energy, Inc.*, 80 F.3d 405, 409 (10th Cir. 1996) In order to find that an agreement has been

2

reached, "it must appear that further negotiations are not required to work out important and essential terms." *Id.* (citing Colorado case law). In other words, the terms of the settlement agreement must be "clear, unambiguous, and capable of enforcement." *City and County of Denver v. Adolph Coors Co.,* 813 F. Supp. 1476, 1479 (D. Colo. 1993).

Moreover, in determining whether a party intended to be bound by agreement before execution of a written instrument, I examine the following four factors: (1) whether the parties have stated an intention not to be bound absent an executed writing, (2) whether one party has performed partially and the other party has accepted such performance, (3) whether there are no issues left to be negotiated such that the signing of the contract is merely ministerial, and (4) whether the agreement concerns complex business matters such that a written agreement would be the norm, not the exception. *Coors,* 813 F. Supp. at 1481.

I conclude that an enforceable agreement was reached between the parties here. Under Colorado law, the essential elements of a contract include "mutual assent to an exchange, between competent parties, with regard to a certain subject matter, for legal consideration." *Indus. Prods. Int'l v. Emo Trans, Inc.,* 962 P.2d 983, 988 (Colo. App. 1997) (citation omitted). An offer is a manifestation by one party of a willingness to enter into a bargain, and an acceptance is a manifestation of assent to the terms of the offer. *Id.* (citing Restatement (Second) of Contracts 24, 32 (1979)). Here, Defendants, through their authorized representative, clearly offered to settle this matter for a specified amount in cash, an additional specified amount as a consent judgment,

and a mutual release of liability.  Plaintiffs, through their authorized representative, also manifested an acceptance of that offer by agreeing with "the terms you have outlined below."

In addition, the *Coors* factors indicate that the parties intended to be bound by the informal agreement.  Applying the first factor, I see no evidence that Defendants stated an intention not to be bound absent *an executed writing*.  *The second factor may be applicable*, as the Defendants' efforts to put together a cash payment could be construed as partial performance.  The third factor strongly weighs in Plaintiffs' favor.  No further negotiations were required to work out additional or essential terms and the signing of the agreement was a mere formality, as the parties had already exchanged draft instruments and agreed on the contents.  Finally, the agreement and its terms are fairly simple and routine, in contrast to a complex business transaction in which terms would be expected to be set forth in writing.

In their response brief, Defendants assert that they "repeatedly made known to Plaintiffs that they would not consider signing a release unless all monetary claims were waived."  This assertion is directly contradicted by the email evidence, which clearly demonstrates that although Defendants were initially unwilling to make a money payment, they ultimately offered to settle for a cash payment, consent judgment, and mutual release.  Plaintiffs accepted this offer.  In addition, Defendants argue that the

agreement described above would lack consideration. I disagree. The mutual release and termination of this litigation are sufficient to constitute adequate consideration.

Accordingly, it is ordered:

1.      The Motion to Enforce Settlement Agreement (doc no 28) is granted. The settlement agreement was entered into by the parties effective February 15, 2007.

2.      The parties shall sign and file with the court a copy of the signed Release and Settlement Agreement and the confession of judgment by June 11, 2007.

3.      On or before June 11, 2007, Defendants shall tender to Plaintiffs a cash payment in accordance with the settlement agreement.

4.      In the event that Defendants fail to comply with the terms of the agreement, Plaintiffs may seek further relief, including sanctions and other relief pursuant to the terms of the settlement agreement.

DATED at Denver, Colorado, on May 25, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge